IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

COREY A. LESUEUR, SR.                                                                PLAINTIFF

v.                                                                NO. 3:25-CV-202-RPC-JMV

PARKER-HANNIFIN CORPORATION, et al.                                          DEFENDANTS

MEMORANDUM OPINION

Defendant Parker-Hannifin Corporation filed a Motion to Dismiss [13] due to insufficient service of process. Additionally, Parker-Hannifin requests dismissal as to the individual Defendants—Mary Graser, Donna Flynt and Raj Kanniah—for insufficient service of process and failure to state a claim.[1] After reviewing the motion, this Court agrees. The Motion to Dismiss [13] is GRANTED.

Corey A. LeSueur, Sr. filed his complaint [1] in the present case on July 11, 2025. He alleged discrimination under Title VII based on his race and religion. On August 14, 2025, the Clerk's office issued Summons [5] for the named Defendants to LeSueur for service. On September 23, 2025, the Clerk's office notified LeSueur that he had not filed anything demonstrating that the Defendants had been served with process. [6]. Again, on October 27, 2025, the Clerk's office notified LeSueur of incomplete service of process. [7]. Magistrate Judge Virden issued a Show Cause order on October 27, 2025, directing LeSueur to show good cause as to why he had not timely served the Defendants. [8]. On November 10, 2025, LeSueur filed a Motion for Extension of Time to Serve Defendants. [9]. His motion was granted, allowing him an additional

---

[1] Parker-Hannifin's Motion to Dismiss [13] makes several arguments on behalf of the individual Defendants—Graser, Flynt and Kanniah—including a 12(b)(6) argument for failure to state a claim. The Court notes, however, that counsel for Parker-Hannifin has not entered an appearance on behalf of any of the individual defendants. Because service of process is clearly insufficient, the Court finds no need to address this fact or Parker-Hannifin's 12(b)(6) argument.

1

forty-five days to complete service. [10]. On December 19, 2025, LeSueur filed executed summons

for the Defendants, claiming that they were each served on December 3, 2025. [11].

Federal Rule of Civil Procedure 4 governs service of process. Rule 4(c) directs plaintiffs

generally as to service:

> **(1) *In General.*** A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> **(2) *By Whom.*** Any person who is at least 18 years old and not a party may serve a summons and complaint.
>
> **(3) *By a Marshal or Someone Specially Appointed.*** At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Rule 4(e) states:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> > **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > **(2)** doing any of the following:
> >
> > > **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > **(C)** delivering a copy to an agent authorized by appointment or by law to receive service of process.

Rule 4(h)(1) states:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

**(1)** in a judicial district of the United States:

**(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or

**(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

LeSueur has failed to properly serve the defendants pursuant to Rule 4, and thus this Court lacks jurisdiction. *Hyder v. Dimas*, No. 9:24cv199, 2025 WL 2180625 at *1 (E.D. Tex. May 19, 2025) ("Absent proper service of process, a court lacks jurisdiction over a defendant. . . ."). LeSueur served each of the summons himself, as noted on the returned executed summons. [11]. Under Rule 4(c)(2), only a person 18 years or older and *not a party* may serve a summons and complaint. "The Court has on numerous occasions expressed that *pro se* litigants should be extended some leniency; however, a litigant's *pro se* status does negate the duty to comply with general rules of litigation." *Loyd v. Rocket Mortg., LLC*, No. 3:25-cv-208-SA-RP, 2025 WL 3286670 at *3 (N.D. Miss., Nov. 25, 2025).

This failure to properly serve process is compounded by others. LeSueur attempted to serve process on Parker-Hannifin by certified mail addressed to Parker-Hannifin Corporation at its location in Holly Springs, Mississippi and at its Ohio headquarters. [11; 13, Exhibit A]. Neither of these attempts were sufficient under Rule 4, which requires LeSueur to serve a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). LeSueur similarly failed to properly serve Parker-Hannifin under Mississippi law, which requires service on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by

3

appointment or by law to receive service of process." M.R.C.P. 4(d)(4). Furthermore, LeSueur purportedly mailed the summons by certified mail, which is allowed under Mississippi Rule of Civil Procedure 4(c)(5). Service is deemed complete when done by certified mail only "as evidenced by the return receipt or by the returned envelope marked 'Refused.'" M.R.C.P. 4(c)(5). LeSueur never attached any return receipt or returned envelope to demonstrate proof of service by certified mail on any of the Defendants. Additionally, according to Parker-Hannifin's Memorandum in support of the Motion to Dismiss [14, at 4], LeSueur failed to include a copy of the complaint along with the summons when he sent the certified mail to Parker-Hannifin. As for the individual Defendants, LeSueur purportedly delivered the summons himself to Kanniah, Graser and Flynt at the Parker-Hannifin location in Holly Springs, Mississippi. [11]. As stated before, LeSueur is not permitted to serve the summons and complaint himself, as he is a party. Fed. R. Civ. P. 4(c)(2). LeSueur also claims that he served the individual Defendants by certified mail, but, once again, he has not shown the Court proof of a return receipt or a returned envelope.

On March 11, 2026, LeSueur filed three motions for Clerk's Entry of Default as to the three individual Defendants—Graser, Kanniah and Flynt. [24, 25, 26]. Because LeSueur has failed to effectuate proper service of process for the reasons stated above on these Defendants, these motions are denied. "[U]ntil a defendant has been properly served, 'the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment.'" *Hyder*, 2025 WL 2180625 at *1 (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999)).

For the reasons set forth above, Parker-Hannifin's Motion to Dismiss [13] is GRANTED. LeSueur's Motions for Clerk's Entry of Default [24, 25, 26] are DENIED. Because LeSueur has

4

failed to effectuate proper service of process on any of the Defendants, this action is DISMISSED as to all parties.

SO ORDERED, this the 26th day of March, 2026.

_Robert P. Chamberlin_
UNITED STATES DISTRICT JUDGE